NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS ESTRADA-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-629<br><br>Agency No.<br>A071-618-189<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2024
Phoenix, Arizona

Before: BERZON, HURWITZ, and JOHNSTONE, Circuit Judges.

Juan Carlos Estrada-Hernandez, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") dismissal of his appeal from an

order of an Immigration Judge ("IJ") denying his applications for withholding of

removal under the Immigration and Naturalization Act and the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Torture ("CAT"). We grant the petition in part and deny it in part.

1. The agency erred in applying the "disfavored group" analysis to the question whether Estrada-Hernandez demonstrated a well-founded fear of persecution.

To determine whether a petitioner has established a well-founded fear of persecution using a "disfavored group" analysis, the agency must review "two elements . . . that operate in tandem": (1) membership in a "disfavored group" and (2) an individualized risk of being singled out for persecution. *Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004). "The relationship between these two factors is correlational; that is to say, the more serious and widespread the threat of persecution to the group, the less individualized the threat of persecution needs to be." *Mgoian v. I.N.S.*, 184 F.3d 1029, 1035 n.4 (9th Cir. 1999).

The BIA erroneously found that Estrada-Hernandez "provided *no* evidence establishing that he is likely to be singled out for persecution in Mexico" (emphasis added) and so failed to analyze at all the impact of the first factor. There was some evidence that Estrada-Hernandez would face an individualized threat of persecution if removed to Mexico. Estrada-Hernandez presented testimony that he was assaulted in Mexico when he was eleven years old because he was gay, an incident which is evidence both that he has been singled out and that he was perceptibly gay as a child; that his mannerisms continue to make him perceptibly

2                                                                22-629

gay; that he would, if removed to Mexico, frequent gay areas and seek gay companions; and that, because he is HIV positive, he will have to interact with government officials and medical personnel in attempting to get treatment, thereby bringing his status as a gay man to the attention of strangers.  Therefore, "we must remand to the BIA for it to determine whether the combination of disfavored group evidence and evidence of individualized risk is sufficient to establish a clear probability that [Estrada-Hernandez] will be persecuted if removed." *Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010).

2. Estrada-Hernandez asserts that the BIA erred in affirming the IJ's conclusion that he was not eligible for CAT relief.  To qualify for relief under the CAT, Estrada-Hernandez must "establish that it is more likely than not that [he] would be tortured if removed to" Mexico.  8 C.F.R. § 1208.16(c)(2); *see Singh v. Holder*, 764 F.3d 1153, 1163 (9th Cir. 2014).  The agency sufficiently considered "all evidence relevant to the possibility of future torture" in denying CAT relief. 8 C.F.R. § 1208.16(c)(3); *see Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).  Substantial evidence supports the agency's conclusion that Estrada-Hernandez did not demonstrate that it was more likely than not that he would be tortured if removed to Mexico.  *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).  We therefore deny the petition as to Estrada-Hernandez's claim for withholding of removal under the CAT.

Each party shall bear its own costs.  *See* Fed. R. App. P. 39(a)(4).

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**